Opinion of the Court.
THE defendants in error filed this bill, showing that the female defendant is the sole devisee of Thomas Munford, to whom Daniel Broadhead and William Johnson executed, in 1784, a bond, under the penalty of 500l. conditioned that Broadhead should convey to Munford, on the 24th of April 1785, the quantity of 200 acres of land, of the first quality, on the Ohio river, by computation 25 miles, and not exceeding 30, from the falls of the river; the length thereof from the river not exceeding double the breadth, to be run in such manner on the river as to be clear of high water mark. They then proceed to charge, that Munford devised all his estate to Mary, the defendant in error, with whom the other defendant had intermarried, and that although a breach of the bond happened in the lifetime of the testator, yet the executor had never recovered on the bond, but had delivered it to the devisee asserting the bequest; that Broadhead, at an early *315 period, had left the commonwealth, and that William Johnson had departed this life, having first, by will, devised his estate to his wife and son; and that 1000. acres of land, the property of said Johnson, passed by said devise, situated at the very point necessary to fulfil the bond, and answering every description there given. Out of this, they ask a specific performance of the contract. Wilson, the executor of Munford, Broadhead and Johnson’s devisees are made defendants, and compensation in damages is asked, in case a conveyance of land cannot be decreed. Against Wilson and Broadhead publication was made, they being non residents.
Johnson’s devisees answer, admitting the execution of the bond by their testator. They question its consideration ; admit estate devised to them ; but deny the right of the complainants to a decree for the conveyance of the land out of the estate of the testator, Johnson ; insist that there is no ground for resorting to a court of equity for damages. They rely, on the lapse of time and the staleness of the demand, as a bar to relief.
On the trial, the court below decided that the complainants below were not entitled to specific performance out of the estate of Johnson, the testator ; but decreed a compensation in damages, assessed by a jury. To reverse this decree, this writ of error is prosecuted.
1. We concur with the circuit court, in the opinion, that the contract or bond gave no right to a specific performance against the estate of the obligor, Johnson. He entered into no obligation to convey ; but only that Broadhead should convey. He was bound by the penalty, conditioned to be void, if Broadhead conveyed. No construction placed upon the instrument, will, therefore, warrant the conclusion that Johnson was selling any part of his estate; and the shaping of the bill to reach that estate, will not support an application to a court of equity.
2. As to Broadhead, the bill, except in the prayer, does not seek a conveyance from him. It points out no land of his, from which satisfaction could be had ; nor does it even ask a disclosure of the title of Broadhead, for the purpose; and it is insisted, that the bill in this shape did not warrant an application to a court of *316 equity, even as to Broadhead, while there was an adequate remedy at law.
This court has, in some cases where application has been made to the chancellor for a specific performance, and some obstruction was presented, decreed the value of the land, and finished the contest; but this can only be indulged, in cases where the application for specific performance was real, and not feigned, or where there was an attempt to set aside the contract. In this case, the specific performance is required out of a fund not subject, by the showing of the complainants themselves, and therefore cannot be of the character which warrants the jurisdiction of the court.
3. The only pretence remaining for an application to a court of equity, is, that the bond was forfeited by a breach in the lifetime of the testator, Munford ; and, of course, the right to a suit at law vested in the executor only; and as he did not sue, but assented to the legacy, and delivered over the bond, the complainants below had only a clear equitable title, and could not sue at law. We do not decide that a devisee or heir, after a breach at law, or in the lifetime of the testator or intestate, could not resort to equity for a specific performance; but the right of an heir or devisee, in such case, to apply to equity for compensation for the breach alone, as a general principle, is denied. It is the duty of an executor or administrator to pursue, by proper remedy, the causes in action belonging to his testator or intestate; and for not doing so, he may be responsible to the heir or devisee ; but if he shall fail thus to pursue the proper remedy, and shall deliver the evidence of the right of action to the heir or devisee, it does not follow, that he therewith transfers the right to sue in a court of equity, for all legal demands. If this was the case, every debt due to the testator might, by such arrangement, become the subject of a suit in equity and equitable jurisdiction. If the evidences of such actions are delivered over, especially as in this case, accompanied with a devise, the devisee would be authorised to use the name of the executor in a court of law, in which court the remedy in his name ought to be sought. We need not determine whether, if the executor would refuse his name in such case, a court of equity would not interpose; for in this case the resistance of the executor to the use of his *317 name is not pretended ; but his full consent to the legacy is alleged by the bill. We, therefore, conceive that the defendants in error have not made out a proper case for relief by compensation in equity, and that the proper remedy is by a suit at law.
Decree reversed and bill dismissed.